IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION



FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 MAR 27 PM 12:27
CLERK C. Adams
SO. DIST. OF GA.

| | |
|---|---|
| WILLIAM JASON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 107-053 |
| ) | |
| RICHARD WIMMER, Investigator, ) | |
| Columbia County Sheriff's Department; ) | |
| BUTCH ASKEW, Lieutenant, Columbia ) | |
| County Sheriff's Department; SHAUN ) | |
| MERZLAK, Investigator, Columbia County ) | |
| Sheriff's Department; TOMMEY ) | |
| COOKSEY, Sergeant, Columbia County ) | |
| Sheriff's Department; BRUCE WALKER, ) | |
| Investigator, Columbia County Sheriff's ) | |
| Department; MICHAEL WILLIAMSON, ) | |
| Investigator, Columbia County Sheriff's ) | |
| Department; and DAVID WHEELER, ) | |
| Deputy, Columbia County Sheriff's ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Columbia County Detention Center in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 12). Plaintiff has submitted an amended complaint, (doc. no. 15), and it is this document that the Court will now screen.[1]

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) Richard Wimmer, Investigator, Columbia County Sheriff's Department ("CCSD"); (2) Butch Askew, Lieutenant, CCSD; (3) Shaun Merzlak, Investigator, CCSD; (4) Tommey Cooksey, Sergeant, CCSD; (5) Bruce Walker, Investigator, CCSD; (6) Michael Williamson, Investigator, CCSC; and (7) David Wheeler, Deputy, CCSD. (Doc. no. 15, pp. 1, 5 & 8). Plaintiff submits, *inter alia*, that his Fourth Amendment rights were violated when he was subjected to an "unlawful search and seizure" on December 22, 2006. (Id. at 9).

Plaintiff alleges that, on December 22, 2006, he drove his automobile completely out of the driveway located at 985 Steed Drive, Harlem, Georgia. (Id. at 8). According to Plaintiff, an automobile carrying Defendants Askew, Merzlak, Cooksey, and Walker approached his automobile at an extremely high speed. (Id.). Plaintiff contends that, as these Defendants "pulled in the driveway next to the neighboring house of 985 Steed Drive," he

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's amended complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full filing fee.

2

drove his automobile back into the driveway located at 985 Steed Drive. (See id.). Plaintiff maintains that these Defendants then exited their automobile and ran towards the "neighboring house of 985 Steed Drive." (Id.).

Plaintiff further alleges that he again drove his automobile completely out of the driveway located at 985 Steed Drive, but that another automobile carrying Defendants Wimmer and Williamson approached his automobile at an extremely high speed. (Id.). Plaintiff contends that, in order to avoid a crash with these Defendants, he "re-enter[ed] the driveway located next to 985 Steed Drive." (Id. at 9). Plaintiff maintains that these Defendants stopped their automobile approximately one foot behind his automobile and ordered him to exit his vehicle. (Id.).

Finally, Plaintiff alleges, "Defendants said 'We have a search warrant for this property and anyone on the property. [You are] in the driveway, which is considered on the property.'" (Id.). Plaintiff contends that, by attempting to crash their automobiles into Plaintiff's automobile, "Defendants were scaring the Plaintiff back on the property just so he could be on the property during the search . . . ." (Id.). Plaintiff maintains that, despite the fact that Defendants lacked a warrant or probable cause, "Defendants searched Plaintiff's automobile and found cocaine inside." (Id.). Plaintiff concludes that, due to Defendants' actions, "[he] was incarcerated and sentenced to [two] years in prison for possession [of cocaine]." (Id.).

As relief, Plaintiff requests "$100.00 for every[]day that he must serve [in prison] . . . ." (Id.). Plaintiff also seeks compensatory damages associated with the repossession of his automobile, lost property, and his bankruptcy, all resulting from his incarceration. (Id.).

3

Finally, Plaintiff asks for court costs, attorney fees, and "[g]eneral damages to his mental health, because [he] no longer trusts the [Sheriff's Department]." (Id.).

## II. SCREENING OF COMPLAINT

### A. Defendants Not Mentioned in the Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 12, p. 4 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all defendants in the caption and the body of the amended complaint. (Id. at 5). Upon review of the amended complaint, the Court finds that Plaintiff no longer names Columbia County and Columbia County Sheriff's Department, two of the original Defendants, as parties to the lawsuit. Furthermore, the Court finds that, although Plaintiff names David Wheeler as a Defendant in his amended complaint, he fails to assert any allegations of wrongdoing related to Defendant Wheeler anywhere in his statement of claims. Accordingly, Defendants Columbia County, Columbia County Sheriff's Department, and Wheeler should be dismissed from this lawsuit.[2] See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury").

---

[2]The Court notes that Plaintiff mentions "Columbia County She[]riff's Office" in his amended complaint. (Doc. no. 12, p. 8). However, it appears that Plaintiff only mentions this entity as a description of where the other individuals described in the amended complaint work. Indeed, Plaintiff makes no allegations concerning actions taken by "Columbia County She[]riff's Office" in his amended complaint.

4

## B. Fourth Amendment Claims

Plaintiff alleges that, on December 22, 2006, his Fourth Amendment rights were violated when he was subjected to an "unlawful search and seizure." The Supreme Court has held that, when an inmate's allegations rest on the invalidity of his imprisonment, his 42 U.S.C. § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Furthermore, the Supreme Court stated that, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed, unless the conviction or sentence has already be invalidated. Id. at 487. Conversely, 42 U.S.C. § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 487 n.6). Simply put, a claim for monetary damages resulting from Plaintiff's alleged unconstitutional conviction or confinement is not cognizable under 42 U.S.C. § 1983. See Heck, 512 U.S. at 483.

Plaintiff submits that, due to the unconstitutional actions of Defendants Wimmer, Askew, Merzlak, Cooksey, Walker, and Williamson, he was convicted for possession of cocaine and sentenced to two (2) years of imprisonment. (Doc. no. 15, p. 9). Plaintiff seeks

5

monetary damages directly attributable to his conviction and confinement, and thus, a successful § 1983 action based on Plaintiff's allegations concerning the December 22, 2006 search and seizure necessarily implies the invalidity of his conviction. Cf. Hughes, 350 F.3d at 1160-61 (reversing the district court's dismissal of Fourth Amendment claims as barred under Heck where the plaintiff sought compensatory damages for seized property). Furthermore, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations are not actionable under 42 U.S.C. § 1983. Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (42 U.S.C. § 1983 claim against arresting officer in child molestation case proceeded after grand jury found plaintiff "completely innocent" of charges). Accordingly, Plaintiff's Fourth Amendment claims should be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 27th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE